UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNARD SMITH-BEY, #134299,
CHARLES COLLIER, #168409,
JASON GRAVES, #246576,
EDTWON MAGETT, #367329,

                Plaintiffs,

v.                                        CASE NO. 05-CV-73225-DT
                                        HONORABLE BERNARD A. FRIEDMAN

SHERRY BURT, et al.,

                Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT
AND DENYING REQUEST FOR SERVICE**

**I.     Introduction**

The Court has before it Plaintiffs' *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983, as well as Plaintiffs' request for service by the United States Marshals. Plaintiffs have paid the filing fee for this action. Plaintiffs, Bernard Smith-Bey, Charlies Collier, Jason Graves, and Edtwon Magett, are state prisoners confined at the Southern Michigan Correctional Facility in Jackson, Michigan. Defendants include the warden and other prison officials employed by the Michigan Department of Corrections ("MDOC").

In their complaint, Plaintiffs challenge the termination of their prison work assignment for the Michigan State Industries ("MSI") Optical Lab. Plaintiffs allege that they were terminated from their work assignment in violation of their Fourteenth Amendment rights after prison officials discovered a smuggling operation at the lab involving other inmates. Plaintiffs seek injunctive relief and monetary damages. Having reviewed Plaintiffs' complaint, the Court

1

now dismisses it as frivolous pursuant to 28 U.S.C. §1915A(b)(1) and denies Plaintiffs' request for service.

## II. Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988).

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss a complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In this case, Plaintiffs allege that defendants arbitrarily terminated their work assignments in violation of their Fourteenth Amendment due process rights. It is well-established, however, that a state prisoner has no constitutionally-protected property or liberty interest in having a prison job or being assigned to a particular work detail. *See Argue v. Hofmeyer*, 80 Fed. Appx. 427, 429 (6th Cir. 2003) (citing *Ivey v. Wilson*, 832 F.3d 950, 955 (6th Cir. 1987)); *Seals v. Caruso*, 42 F.3d 1389, 1994 WL 567587, *2 (6th Cir. 1994); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989); *Gardner v. Johnson*, 429 F. Supp. 432, 434 (E.D. Mich. 1977). While the

MDOC operates work programs for prisoners, state law and policy do not create a constitutionally protected liberty or property interest in such employment.  *See Seals, supra*; *see also* MDOC Policy Directives 05.01.100, 05.02.110; MSI Operating and Work Rule Manual.  Plaintiffs' claims to the contrary are without merit.

Lastly, to the extent that Plaintiffs assert that Defendants failed to comply with the MDOC's policies or procedures in terminating their work assignments, without asserting a violation of federal law, they fail to state a claim for relief under 42 U.S.C. § 1983.  Plaintiffs' civil rights complaint thus lacks an arguable basis in law and is subject to summary dismissal.

### III.   Conclusion

For the reasons stated, the Court concludes that Plaintiffs' complaint lacks an arguable basis in law and fails to state a claim upon which relief may be granted.  Accordingly, the Court **DISMISSES** Plaintiffs' § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).  Given this determination, the Court also **DENIES** Plaintiffs' request for service by United States Marshals.

Lastly, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith.  28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

                                                ___s/Bernard A. Friedman_____
                                                BERNARD A. FRIEDMAN
                                                UNITED STATES DISTRICT JUDGE

DATED:  __September 13, 2005